IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL PORTER,[1] | § | |
| | § | No. 354, 2025 |
| Respondent Below, | § | |
| Appellant, | § | Court Below–Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CK25-01752 |
| VICTORIA BAKER-PORTER, | § | Petition No. 25-11135 |
| | § | |
| Petitioner Below, | § | |
| Appellee. | § | |

Submitted: August 25, 2025
Decided: September 2, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the notice to show cause and the appellant's response, it appears to the Court that:

(1) On August 11, 2025, the appellant, Daniel Porter, filed a notice of appeal from a Family Court commissioner's order granting the appellee's petition for a protection-from-abuse order. The Senior Court Clerk issued a notice directing Porter to show cause why this appeal should not be dismissed for this Court's lack of jurisdiction to consider an appeal directly from a Family Court commissioner's order.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2)	In his response to the notice to show cause, Porter argues the merits of his appeal but does not address the appeal's jurisdictional defect. The appellate jurisdiction of this Court over civil proceedings in the Family Court is limited to decisions issued by the judges of the Family Court.[2] Under 10 *Del. C.* § 915(d) and Family Court Civil Procedure Rule 53.1(a), a party's right to appeal from a commissioner's order is to a judge of the Family Court.[3] Whether interim or final, an order issued by a commissioner is not a final judgment for purposes of appeal to this Court.[4] In short, this Court lacks jurisdiction to consider Porter's appeal, and it must therefore be dismissed.

NOW, THEREFORE, IT IS ORDERED that the appeal is DISMISSED under Supreme Court Rule 29(b).

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[2] *See* 10 *Del. C.* § 1051(a) ("From any order, ruling, decision or judgment of the [Family] Court in any civil proceeding… there shall be the right of appeal as provided by law to the Supreme Court."); *Redden v. McGill*, 549 A.2d 695, 698 (Del. 1988) (holding that the Court's appellate jurisdiction over civil proceedings in the Family Court is "limited to orders, rulings, decisions or judgments of the judges of [the Family] Court").

[3] *See* 10 *Del. C.* § 915(d)(1), (2) (detailing procedures for filing appeals from final and interim orders issued by commissioners); Del. Fam. Ct. Civ. P. R. 53.1(a) ("An interim or final order of a commissioner may be appealed to a judge of the [Family] Court….").

[4] *See Redden*, 549 A.2d at 697-98.